1  ADRIENNE C. PUBLICOVER (SBN 161432)
   DENNIS J. RHODES (SBN 168417)
2  PAMELA P. PHAM (SBN 235493)
   WILSON, ELSER, MOSKOWITZ,
3  EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
4  San Francisco, CA  94105
   Telephone:   (415) 433-0990
5  Facsimile:   (415) 434-1370

6  Attorneys for Plaintiff and Counter-Defendant
   AMERICAN GENERAL LIFE INSURANCE
7  COMPANY, *fka* THE OLD LINE LIFE
   INSURANCE COMPANY OF AMERICA

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12  AMERICAN GENERAL LIFE INSURANCE  )  CASE NO. CV 07 00944 MHP
    COMPANY, *fka* THE OLD LINE LIFE )
13  INSURANCE COMPANY OF AMERICA,    )
                                     )  **STIPULATION TO FILE FIRST**
14         Plaintiff,                )  **AMENDED COMPLAINT;** [PROPOSED]
                                     )  **ORDER FILED CONCURRENTLY**
15     v.                            )  **HEREWITH**
                                     )
16  JESSICA AMBER QUAM; DEBORAH A.   )
    QUAM; and DOES 1-50,             )
17                                   )
           Defendants.                )
18                                   )
                                     )
19  _____  )
                                     )
20  AND ALL ACTIONS.                 )
                                     )
21  _____  )

22      **IT IS HEREBY STIPULATED** that after conducting meet and confer discussions as to

23  the Complaint filed by plaintiff American General Life Insurance Company, *fka* The Old Line

24  Life Insurance Company of America ("American General"), the parties agree through their

25  respective attorneys of record herein to permit American General to file a First Amended

26  Complaint, which is attached hereto as Exhibit "A".

27                                        1
                   STIPULATION TO FILE FIRST AMENDED COMPLAINT;
28              [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH
    USDC NDCA No. CV 07 00944 MHP
    274842.1B

**IT IS FURTHER STIPULATED** that defendants Jessica Amber Quam and Deborah A. Quam waive service of the First Amended Complaint and that such amended pleading will be deemed served as of the date the Order is entered by the court.

Date: June 4, 2007        BADDELEY, OLIKER & SARTORI

By: _____/s/ Robert P. Oliker_____
    Robert P. Oliker
    Attorneys for Defendant/Cross-Claimant/Counter-Claimant
    JESSICA AMBER QUAM

Date: June 6, 2007        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____/s/ Dennis J. Rhodes_____
    Adrienne C. Publicover
    Dennis J. Rhodes
    Pamela P. Pham
    Attorneys for Plaintiff and Counter-Defendant
    AMERICAN GENERAL LIFE INSURANCE COMPANY, *fka* THE OLD LINE LIFE INSURANCE COMPANY OF AMERICA

Date: May 29, 2007        By: _____/s/ James A. Boles_____
                              James A. Boles
                              Attorneys for Defendant/Cross-Defendant
                              DEBORAH A. QUAM

## ORDER

After reviewing the Stipulation entered into by and between the Parties, it is ordered that Plaintiff American General be permitted to file a First Amended Complaint by June 11, 2007.

**IT IS SO ORDERED.**

Dated: _June 7, 2007_

Honorable
United States District Judge

IT IS SO ORDERED
Judge Marilyn H. Patel

Exhibit <u>A</u>

1  ADRIENNE C. PUBLICOVER (SBN 161432)
   DENNIS J. RHODES (SBN 168417)
2  WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, CA  94105
4  Telephone:    (415) 433-0990
   Facsimile:    (415) 434-1370
5
   Attorneys for Plaintiff and Counter-Defendant
6  AMERICAN GENERAL LIFE INSURANCE
   COMPANY, *fka* THE OLD LINE LIFE
7  INSURANCE COMPANY OF AMERICA

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12
   AMERICAN GENERAL LIFE INSURANCE  )  CASE NO. CV 07 00944 MHP
13 COMPANY, *fka* THE OLD LINE LIFE  )
   INSURANCE COMPANY OF AMERICA,     )
14                                    )  **[PROPOSED] FIRST AMENDED**
                                      )  **COMPLAINT FOR INTERPLEADER**
15              Plaintiff,            )  **AND DECLARATORY RELIEF**
                                      )
16         v.                         )
                                      )
17 JESSICA AMBER QUAM; DEBORAH A.     )
   QUAM as SPECIAL ADMINISTRATOR OF   )
18 THE ESTATE OF RYAN QUAM; PATRICIA  )
   SMITHSON; PAUL SMITHSON, SR.; and  )
19 DOES 1-50,                         )
                                      )
20              Defendants.           )
                                      )
21                                    )
   AND ALL ACTIONS                    )
22                                    )

23

24         Plaintiff, American General Life Insurance Company ("American General"), formerly

25 known as The Old Line Life Insurance Company of America, by its attorneys, the law firm of

26

27                                        1
   **[PROPOSED] FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF**
28 USDC NDCA No. CV 07 00944 MHP
   272464.2

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, hereby submits its First Amended Complaint for Interpleader and Declaratory Relief as follows:

## JURISDICTION AND VENUE

1. This interpleader action is brought pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. 1335. The Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 for the reasons set forth below.

2. At all times relevant herein, American General was and is a corporation duly organized and existing under the laws of the State of Texas with its principal place of business located in Houston, Texas, where its central operations, corporate offices, and tangible property are also located. American General is authorized to conduct business throughout the State of California as a life insurer and conducts business in the Northern District of California, although certain business activities are supervised in Houston, Texas. American General is a citizen of the State of Texas.

3. American General is ignorant of the true names and capacities of the defendants sued herein as Does 1-50 and, for those reasons, has sued those defendants by those fictitious names. American General is informed and believes, and thereon alleges, that each of the fictitiously named defendants claims some right, title or interest in or to the proceeds of the insurance policy which is the subject of this Complaint. When American General ascertains the true names and capacities of the fictitiously named defendants, it will amend this Complaint by inserting the same herein.

4. The amount in controversy exceeds $75,000 as the life insurance policy has an uncontested face value of $500,000, which is due and owing by reason of the death of the insured, Ryan Winfield Quam.

5. American General is informed and believes, and on that basis alleges, that defendant Jessica Quam is a citizen of the State of California and a resident of Sonoma County,

2
[PROPOSED] FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
USDC NDCA No. CV 07 00944 MHP
272464.2

1  California.

2  6. American General is informed and believes, and on that basis alleges, that
3  defendant Deborah Quam, Special Administrator of the Estate of Ryan Quam, is a citizen of the
4  State of Nevada and a resident of Storey County, Nevada.

5  7. American General is informed and believes, and on that basis alleges, that
6  defendant Patricia Smithson is a citizen of the State of California and a resident of Sonoma
7  County, California.

8  8. American General is informed and believes, and on that basis alleges, that
9  defendant Paul Smithson, Sr. is a citizen of the State of California and a resident of Sonoma
10 County, California.

11 9. American General is informed and believes, and on that basis alleges, that this
12 action is brought in the judicial district in which one or more of the defendants reside and in
13 which a substantial part of the events or omissions giving rise to the claim occurred.

## FIRST CLAIM FOR RELIEF
## INTERPLEADER

16 10. On or about May 7, 2002, The Old Line Life Insurance Company of America
17 issued life insurance policy no. MM0325036 ("the policy") to Ryan Winfield Quam with a face
18 value of $500,000. The policy also contains a provision for child protection with a face value of
19 $3,000.

20 11. Pursuant to the application, the designated primary beneficiary is the insured's
21 wife, defendant Jessica Quam. The designated contingent beneficiaries are the insured's parents
22 in law, Paul Smithson, Sr., and Patricia Smithson. No other beneficiaries were designated.

23 12. American General is informed and believes, and on that basis alleges, that the
24 insured died on October 31, 2006 in Yolo County, California.

25 13. American General is informed and believes, and on that basis alleges, that the

insured died of heroin overdose.

14. By reason of the insured's death, the life insurance proceeds under the policy became due and owing. At the time of the insured's death, the face amount due under the policy was five hundred thousand dollars ($500,000.00).

15. American General is informed and believes, and on that basis alleges, that on or about November 9, 2006, Mark Quam, the decedent's father and husband of defendant Deborah Quam, called American General and advised American General that he believed that the claim asserted by defendant Jessica Quam is fraudulent.

16. American General is informed and believes, and on that basis alleges, that on or about November 10, 2006, defendant Deborah Quam, the decedent's mother, advised American General that she believed defendant Jessica Quam was willfully involved in the death of the decedent and caused the decedent to overdose on heroin to obtain the life insurance proceeds. Defendant Deborah Quam further advised American General that because of the circumstances of the decedent's death, she believed that the proceeds may belong to the decedent's children.

17. American General is informed and believes, and on that basis alleges, that on or about November 30, 2006, the First Judicial District Court of the State of Nevada in and for the County of Storey appointed defendant Deborah Quam as the Special Administrator of the decedent's estate pursuant to a Last Will and Testament filed with that court. American General further alleges that the Order Appointing Special Administrator included a "possible claim concerning an AIG Life Insurance Policy" among the estate assets.

18. American General is informed and believes, and on that basis alleges, that on or about December 21, 2006, Mark Quam called American General, told American General that he had spoken with the Yolo County Coroner regarding the decedent's death; that the coroner informed him that the decedent died of heroin overdose; and that based on his conversation with the coroner, he believed Jessica Quam willfully participated in the death of decedent.

[PROPOSED] FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
USDC NDCA No. CV 07 00944 MHP
272464.2

19. The inquiries of defendant Deborah Quam put American General on notice that she intends to assert a claim for the subject proceeds in view of her belief that defendant Jessica Quam caused the decedent's death.

20. American General is informed and believes, and on that basis alleges, that on or around December 27, 2006, defendant Jessica Quam asserted a claim to the proceeds of the subject policy.

21. American General is informed and believes, and on that basis alleges, that defendant Jessica Quam contacted American General to inquire whether defendant Deborah Quam has requested a copy of the decedent's life insurance policy. Defendant Jessica Quam advised American General that she did not want any policy information given to defendant Deborah Quam.

22. American General is, and at all time mentioned in this Complaint has been, ready, willing, and able, to pay the life insurance proceeds under the policy to the person or persons legally entitled thereto. However, American General is informed and believes, and on that basis alleges, that there are actual and potential conflicting claims relating to the life insurance proceeds and that there are actual and potential challenges to the claim asserted by defendant Jessica Quam on the basis of her alleged involvement in the decedent's death.

23. American General is informed and believes, and on that basis alleges, that defendants and each of them, are persons known to American General to be asserting some right, title, or interest in or to all of a portion of the proceeds of the certificate which is the subject of this Complaint, and that there are conflicting potential demands upon American General.

24. By reason of the actual and potential conflicting claims to the life insurance proceeds, American General does not know and cannot determine the person or persons legally entitled to payment.

25. American General is unable to determine with certainty the validity of the

conflicting demands that are and may be made by defendants herein as described above, and cannot determine to whom to pay in light of the competing claims of the decedent's wife, defendant Jessica Quam, and of defendant Deborah Quam, in her capacity as the court-appointed Special Administrator of decedent's estate. In addition, American General is unable to determine the validity of the claims due to the statements made by defendant Deborah Quam and by Mark Quam that defendant Jessica Quam may have been willfully involved in causing the decedent's death. These statements could have the effect of triggering the rights of the contingent beneficiaries under the policy, defendants Patricia Smithson and Paul Smithson, Sr. Moreover, American General may be exposed to multiple claims or liability should it make payment of any, or all, of the balance of the benefits to an individual or individuals not entitled to the benefits.

26. American General claims no interest in the balance of the life insurance proceeds, or any part thereof, other than as a mere stakeholder of those proceeds, and as a result of the actual and potential conflicting, but apparently potentially valid claims of the defendants, is indifferent as to which defendant or defendants should receive the death benefit proceeds. Accordingly, American General files this Complaint in good faith and without collusion with any of the parties hereto to resolve all disputes over the life insurance proceeds.

27. Concurrent with the filing of this Complaint American General has deposited with the Clerk of this Court there to remain until the outcome of this action two (2) checks totaling $504,438.76, which represents the $500,000 face value of the policy, the $3,000 face value of the child protection provision in said policy, and accrued interest.

28. American General has retained the services of attorneys in California for the purpose of protecting its interests arising out of the defendants' actual and potential conflicting claims, and American General will be called upon to pay those attorneys for those services that they render in that regard. American General also will be compelled to incur costs and

disbursements in the prosecution of this action. Those attorney's fees, costs and disbursements are and should be a legal charge upon the proceeds of the policy and should be repaid to American General out of the funds that it has concurrently deposited with the Clerk of this Court.

29. All named and fictitiously named defendants have potential claims to the life insurance proceeds of the policy.

30. American General cannot determine without hazard to itself which defendants claim or claims or potential claim or claims are or may be valid. Defendants should be required to assert their respective claims to the policy proceeds and litigate these claims among themselves.

31. American General has no other means of protecting itself from the vexation of duplicative claims and therefore is entitled to interplead the life insurance proceeds into this Court and to obtain judgment of this Court releasing American General from further participation in this matter, and for its fees and costs in interpleading the funds.

32. American General is entitled to a permanent injunction against all defendants enjoining them from instituting or prosecuting any proceeding in any State or United States Court against American General, arising from the policy or the benefits payable under the policy, and requiring the defendants to make any claim they might have with regard thereto in this action.

### SECOND CLAIM FOR RELIEF
### DECLARATORY RELIEF

33. American General realleges and incorporates by reference paragraphs 1 through 32 above as the fully set forth herein.

34. An actual controversy has arisen and now exists between defendants and American General concerning monies payable under the policy, specifically as follows: Defendants Jessica Quam and Deborah Quam each claims entitlement to some or all of the

proceeds of the subject policy. In November and December of 2006, the decedent's parents, defendant Deborah Quam and her husband, Mark Quam, contacted American General on multiple occasions and informed American General that they believed defendant Jessica Quam may have been willfully involved in decedent's death. On or about December 10, 2006, defendant Deborah Quam asserted an interest to the proceeds of the subject policy, although she is not designated as a beneficiary to the policy. American General alleges on information and belief that defendant Deborah Quam is asserting an interest in this policy as the court-appointed Special Administrator of the decedent's estate. Furthermore, the statements made by Mark Quam and Deborah Quam could have the effect of triggering the rights of the contingent beneficiaries under the policy, defendants Patricia Smithson and Paul Smithson, Sr.

35. By reason of the foregoing, there now exists an actual, justiciable controversy among the parties. The Court is vested with the power to declare and adjudicate the rights and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

36. American General desires a judicial determination of the rights and obligations of each of the parties to this action with respect to the policy in conformity with the allegations set forth herein.

37. A judicial determination is necessary and appropriate at this time in order that each of the parties may ascertain their respective rights and duties as to one another and may conduct themselves accordingly now and in the future.

**PRAYER**

WHEREFORE, American General prays for judgment against all defendants as follows:

1. That this Court decree that the Complaint is properly filed and that this is a proper cause for interpleader;

---

8
[PROPOSED] FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
USDC NDCA No. CV 07 00944 MHP
272464.2

2. That the Clerk of this Court be authorized and directed to accept the funds interpleaded by this action and to deposit the same into the Court's registry held in an interest bearing account;

3. That defendants each be compelled to interplead or settle among themselves their respective rights or claims to the proceeds due and payable under the certificate by reason of the insured's death;

4. That the Court enter an Order restraining defendants, and each of them, from instituting or prosecuting any proceeding in any State or United States Court against American General with respect to the policy and the proceeds payable there under;

5. That having deposited benefit proceeds under the policy with the Clerk of the Court, American General be discharged from all liability to defendants, and each of them, in this action or under the policy.

6. That American General be awarded its cost of suit incurred herein, including its reasonable attorney's fees, to be paid out of the funds that American General has deposited with the Clerk of the Court; and,

7. For such other and further relief as the Court deems just and proper.

Date: June ___, 2007         WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


By:_____
   Adrienne C. Publicover
   Dennis J. Rhodes
   Attorneys for Plaintiff and Counter-Defendant
   AMERICAN GENERAL LIFE INSURANCE
   COMPANY, *fka* THE OLD LINE LIFE INSURANCE
   COMPANY OF AMERICA

# CERTIFICATE OF SERVICE

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 Market Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s).

**STIPULATION TO FILE FIRST AMENDED COMPLAINT;
[PROPOSED] ORDER FILED CONCURRENTLY HEREWITH**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

✓ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

☐ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

☐ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

☐ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

| | |
|---|---|
| Robert P. Oliker<br>Baddeley, Oliker & Sartori<br>The Grace Building<br>17 Keller Street<br>Petaluma, CA 94952<br>Tel: (707) 778-6313<br>Fax: (707) 778-1086<br>*Attorney for Defendant*<br>*JESSICA AMBER QUAM* | James A. Boles, Esq.<br>423 Mill Street<br>Reno, NV 89502<br>Tel: (775) 329-1544<br>Fax: (775) 329-1566<br><br>*Attorney for Defendant*<br>*DEBORAH A. QUAM* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **June 6, 2007** at San Francisco, California.

_____
Nancy Li

---

CERTIFICATE OF SERVICE

267072.1