Robert P. Oliker, Esq.
BADDELEY, OLIKER & SARTORI
17 Keller Street
Petaluma, CA 94952
State Bar No. 115131
(707) 778-6313
(707) 778-1086 Facsimile

Attorney for Defendant
JESSICA AMBER QUAM

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, *fka* THE OLD LINE LIFE INSURANCE COMPANY OF AMERICA, | Case No. C 07 0944 MHP |
| Plaintiffs, | STIPULATION TO FILE FIRST AMENDED CROSS-CLAIM (FRCP 13(g)) AND DEMAND FOR JURY TRIAL ON |
| vs. | CROSS-CLAIM; [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH |
| JESSICA AMBER QUAM; DEBORAH A. QUAM; and DOES 1-50, | |
| Defendants | |
| _____/ | |
| AND RELATED ACTIONS _____/ | |

IT IS HEREBY STIPULATED that after conducting meet and confer discussions as to the First Amended Complaint filed by plaintiff American General Life Insurance Company, the parties agree, through their respective attorneys of record herein, to permit Defendant/Cross-Claimant Jessica Quam to amend and file her First Amended Cross-Claim (FRCP13(g) and Demand for Jury Trial on First Amended Cross-Claim, which is attached hereto as Exhibit A.

IT IS FURTHER STIPULATED that Cross-Defendants Deborah A. Quam and Mark Quam waive service of the First Amended Cross-Claim (FRCP13(g) and Demand for Jury Trial on First Amended Cross-Claim and that such amended pleading will be deemed served as of the date the Order is entered by the court.

1

STIPULATION TO FILE FIRST AMENDED CROSS-CLAIM (FRCP 13(g)) AND DEMAND FOR JURY TRIAL ON CROSS-CLAIM; [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH

DATED: ~~May~~ 13, 2007

BADDELEY, OLIKER & SARTORI

By: _____
ROBERT P. OLIKER, ESQ.
Attorney for Defendant/Cross-Claimant
Jessica Amber Quam

DATED: ~~May~~ June 7, 2007

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
DENNIS J. RHODES, ESQ.
ADRIENNE C. PUBLICOVER, ESQ.
PAMELA P. PHAM, ESQ.
Attorneys for Plaintiff/Cross-Defendant
American General Life Insurance Company,
fka The Old Line Life Insurance Company
of America

DATED: May __, 2007

By: _____
JAMES A. BOLES, ESQ.
Attorneys for Defendant/Cross-Defendants
Deborah A. Quam and Mark Quam

## ORDER

After reviewing the Stipulation entered into by and between the parties, it is ordered that Defendant/Cross-Claimant Jessica Amber Quam be permitted to file First Amended Cross-Claim (FRCP13(g)) and Demand for Jury Trial on First Amended Cross-Claim

IT IS SO ORDERED.

DATED: June 18, 2007

The Honorable Marilyn H. Patel
United States District Court

IT IS SO ORDERED
Judge Marilyn H. Patel

2

STIPULATION TO FILE FIRST AMENDED CROSS-CLAIM (FRCP13(g)) AND FOR JURY TRIAL ON CROSS-CLAIM; [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH

1   DATED: May ___, 2007                    BADDELEY, OLIKER & SARTORI

2

3                                           By: _____
                                                ROBERT P. OLIKER, ESQ.
4                                               Attorney for Defendant/Cross-Claimant
                                                Jessica Amber Quam
5

6   DATED: May ___, 2007                    WILSON, ELSER, MOSKOWITZ, EDELMAN
7                                           & DICKER LLP

8

9                                           By: _____
                                                DENNIS J. RHODES, ESQ.
10                                              ADRIENNE C. PUBLICOVER, ESQ.
                                                PAMELA P. PHAM, ESQ.
11                                              Attorneys for Plaintiff/Cross-Defendant
                                                American General Life Insurance Company,
12                                              fka The Old Line Life Insurance Company
                                                of America
13          June 13
14  DATED: May ___, 2007                    By: _____
15                                              JAMES A. BOLES, ESQ.
                                                Attorneys for Defendant/Cross-Defendants
16                                              Deborah A. Quam and Mark Quam

17

18                                      ORDER

19          After reviewing the Stipulation entered into by and between the parties, it is ordered that

20  Defendant/Cross-Claimant Jessica Amber Quam be permitted to file First Amended Cross-Claim

21  (FRCP13(g) and Demand for Jury Trial on First Amended Cross-Claim
22

23          IT IS SO ORDERED.

24  DATED: _____
                                            _____
25                                          The Honorable Marilyn H. Patel
                                            United States District Court Judge
26

27

28

                                            2
    STIPULATION TO FILE FIRST AMENDED CROSS-CLAIM (FRCP 13(g)) AND DEMAND FOR JURY TRIAL
    ON CROSS-CLAIM; [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH

**EXHIBIT A**

1    Robert P. Oliker, Esq.
2    BADDELEY, OLIKER & SARTORI
     17 Keller Street
3    Petaluma, CA 94952
     State Bar No. 115131
4    (707) 778-6313
5    (707) 778-1086 Facsimile

6    Attorney for Defendant/Cross-Claimant
     JESSICA AMBER QUAM

7

8                 UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10    AMERICAN GENERAL LIFE INSURANCE     Case No. C 07 0944 MHP
11    COMPANY, *fka* THE OLD LINE LIFE
     INSURANCE COMPANY OF AMERICA,       FIRST AMENDED
12                      CROSS-CLAIM (FRCP 13(g))
                Plaintiffs,         AND DEMAND FOR JURY TRIAL
13         vs.                    ON CROSS-CLAIM

14    JESSICA AMBER QUAM;
15    DEBORAH A. QUAM; and
     DOES 1-50,
16

17                 Defendants.
     _____/
18    JESSICA AMBER QUAM;

19                Cross-Claimant,

20        vs.

21    DEBORAH A. QUAM, MARK QUAM
22    and ROES 1-50, Inclusive,

23               Cross-Defendant.
24    _____/

25        Cross-Claimant Jessica Amber Quam hereby alleges a Cross-Claim against Deborah A.

26    Quam and Mark Quam as follows:

27    ///

28    ///

     First Amended Cross-Claim (FRCP 13(g)) and
     Demand for Jury Trial on Cross-Claim                    1

## GENERAL ALLEGATIONS

1.    The Cross-Claim is brought pursuant to FRCP 13(g) against Defendant Deborah Quam and Mark Quam and arises out of many of the same operative facts alleged in the Complaint. Therefore, jurisdiction and venue are properly in this Court. This Court has ancillary jurisdiction over the related state causes of action.

2.    Cross-Claimant is ignorant of the true names and capacities of Cross-Defendants sued herein as Roes 1 through 50, inclusive, and therefore sues said Cross-Defendants by such fictitious names. Cross-Claimant will amend this Cross-Claim to allege their true names and capacities when ascertained. Cross-Claimant is informed and believes and thereon alleges that each of the fictitiously named Cross-Defendants is responsible in some manner for the occurrences herein alleged, and Cross-Claimant's injuries as herein alleged.

3.    Jessica Quam is an individual and a resident of Sonoma County. Up until the time of his death, Jessica Quam was married to Ryan Quam and was the mother of their minor child.

4.    Deborah and Mark Quam are married individuals, residents of Nevada, and were Ryan Quam's parents.

5.    During the course of their marriage, Jessica and Ryan Quam secured an insurance policy with American General Life Insurance Company with a face amount of $500,000 which policy was issued on May 7, 2002 (hereinafter referred to as "the Policy"). Jessica and Ryan were named Cross-Beneficiaries of the Policy.

6.    On October 31, 2006, Ryan Quam died. Soon thereafter, Jessica Quam made a demand for payment of the Policy benefits to American General. American General acknowledged receipt of the claim by way of a January 5, 2007 letter but had no further communications with Jessica Quam prior to filing their Complaint for Interpleader.

7.    Unknown to Jessica Quam, on or about November 28, 2006, Deborah Quam filed in Nevada State Court a Petition for Appointment of Special Administrator in the Estate of Ryan Quam attaching to said Petition a copy of a Will dated October 4, 1996, when Ryan was still married to his first wife, and prior to the time that he had married Jessica Quam. In her Petition

1   to the Court, which was filed under penalty of perjury, Deborah Quam did not disclose to the
2   Court that Ryan Quam had divorced his first wife after the attached will was executed, or that he
3   had subsequently married Jessica Quam and had a second child by the marriage to Jessica. This
4   information was known by Deborah Quam and should have been disclosed to the Court in
5   Nevada as under Nevada law, the Will which Deborah Quam submitted to the Court was legally
6   revoked by Ryan Quam's subsequent marriage to Jessica Quam. Jessica Quam is informed and
7   believes and thereon alleges that Deborah Quam omitted this information from her Petition in
8   order to induce the Court to have her appointed as the Special Administrator of Ryan Quam's
9   Estate, even though she either knew, or should have known, that the proper administrator of
10  Ryan Quam's estate was his surviving spouse.

11      8.      One of the assets listed by Deborah Quam in the Petition which she filed with the
12  Court was a possible claim concerning the American General Life Insurance Policy, even though
13  Deborah Quam knew, or should have known, that neither she nor Ryan Quam's Estate were the
14  named beneficiaries of the Policy.

## FIRST CAUSE OF ACTION

(Inducing a Breach of Contract)

9.      Cross-Claimant re-alleges and incorporates herein by this reference each and
every allegation contained in Paragraphs 1 through 8 of this Cross-Claim as though fully set
forth herein.

10.     The life insurance policy taken out by Ryan and Jessica Quam was a valid
existing contract which entitled Jessica Quam to the proceeds of that policy as the designated
beneficiary.

11.     With knowledge of Jessica Quam's entitlement to the benefits to the insurance
policy, Deborah Quam improperly had herself appointed as the Special Administrator of Ryan
Quam's Estate by providing incomplete and misleading information to the Court in Nevada and

First Amended Cross-Claim (FRCP 13(g)) and
Demand for Jury Trial on Cross-Claim                                                3

thereafter using her appointment as the Special Administrator to allegedly make a demand upon American General for the proceeds of the Policy.

12.     In addition to the improper Special Administration, Deborah and Mark Quam contacted American General and gave representatives of the company false information that Jessica was making a "fraudulent claim: and further that Jessica was involved in Ryan's death because Jessica's brother allegedly supplied Ryan with the heroin he injected.

13.     As a direct and proximate result of the improper demand upon American General by Deborah and Mark Quam, American General has failed and refused to pay the proceeds of the insurance policy to Jessica Quam even though she is the sole and only designated beneficiary on the policy. (See Complaint in Interpleader, paragraph 9)  As a result of the improper interference by Deborah Quam, American General has interpleaded the proceeds of the Policy and has compelled Jessica Quam to retain legal counsel to secure her entitlement thereto.

14.     As a proximate result of the actions of Deborah Quam in inducing a breach of contract by American General, Jessica Quam has incurred damages of no less than $700,000 including but not limited to loss of use of the proceeds of the Policy, incurring attorney fees and costs to secure the benefits of the Policy, emotional distress damages as a result of the tortious conduct of Deborah Quam, and other damages to be proven at the time of trial.

WHEREFORE, Jessica Quam prays for damages as alleged herein.

## SECOND CAUSE OF ACTION

(Abuse of Process)

15.     Cross-Claimant re-alleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 14 of this Cross-Claim as though fully set forth herein.

16.     Deborah Quam utilized the legal process of having herself improperly appointed as Special Administrator of the Estate of Ryan Quam in Nevada even though she knew that as the surviving spouse, Jessica Quam was the proper individual to administer her deceased husband's estate.  Deborah Quam must have known that her appointment as Special Administrator was inappropriate because after the appointment, Deborah Quam notified the creditors of the estate to make their claims directly to Jessica Quam as Jessica was the one handling Ryan Quam's estate.  A copy of a Memo from Deborah Quam to Blue Cross specifying these facts is attached hereto as Exhibit A.

17.     The ulterior motive of Deborah Quam in having herself appointed Special Administrator, notwithstanding her belief that she was not handling her son's estate, was to bolster her improper claim to American General for the proceeds of the Policy.

18.     As a proximate result of the actions of Deborah Quam in abusing the legal process in Nevada to secure a financial benefit with the American General Life Insurance policy, Jessica Quam has been damaged in that American General has failed and refused to pay her the policy benefits to which she is entitled and instead has interpleaded the funds compelling Jessica Quam to retain legal counsel to secure the benefits thereto.

19.     Jessica Quam is entitled to damages as a result of the abuse of process by Deborah Quam of no less than $700,000 including loss of use of the Policy, attorney fees and costs to secure the benefits of the Policy, emotional distress damages, and other damages to be proven at the time of trial.

20.     In addition, the actions of Deborah Quam as alleged herein, were done with malice and in conscious disregard of the rights of Jessica Quam thereby entitling Jessica Quam to punitive damages to be proven at the time of trial.

WHEREFORE, Jessica Quam prays for damages as alleged herein.

## THIRD CAUSE OF ACTION

(Fraud)

21.     Cross-Claimant re-alleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 20 of this Cross-Claim as though fully set forth herein.

22.     Deborah Quam, under penalty of perjury, provided incomplete information to the Court in Nevada to secure her position as a Special Administrator of her son's estate. The allegations as set forth in the Petition were untrue in that Deborah Quam either knew, or should have known, that the Will she submitted in the Nevada State Court had been revoked by Ryan's subsequent marriage to Jessica Quam, and that the omission of that information from the Petition was to secure her appointment as Special Administrator under false pretenses.

23.     Deborah Quam fraudulently represented to American General, that as the duly appointed representative of Ryan's estate, that she was making a claim for the benefits of the American General Life Insurance policy. Deborah Quam made these statements with the intent to induce the insurance company to act, and in fact did induce the insurance company to act, by the filing of the interpleader action and by their refusal to pay the benefits of the policy to Jessica Quam.

24.     As a proximate result of the fraudulent actions of Deborah Quam as alleged herein, Jessica Quam has been damaged in that American General has failed and refused to pay her the policy benefits to which she is entitled and instead has interpleaded the funds compelling Jessica Quam to retain legal counsel to secure the benefits thereto.

25.     Jessica Quam is entitled to damages as a result of the fraud by Deborah Quam of no less than $700,000 including loss of use of the policy, attorney fees, and costs to secure the benefits of the policy, emotional distress damages, and other damages to be proven at the time of trial.

First Amended  Cross-Claim (FRCP 13(g)) and
Demand for Jury Trial on Cross-Claim

6

26. malice and in conscious disregard of the rights of Jessica Quam thereby entitling Jessica Quam to punitive damages to be proven at the time of trial.

WHERE FORE, Jessica Quam prays for damages as alleged herein.

FOURTH CAUSE OF ACTION

(Defamation)

27. Cross-Claimant re-alleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 26 of this Cross-Claim as though fully set forth herein.

28. Jessica Quam is informed and believes and thereon alleges that after the death of Ryan Quam, the Davis Police Department, and the Yolo County Coroner's Office contacted Deborah Quam to gather information about Ryan Quam's death. In those interviews, Jessica Quam is informed and believes, and thereon alleges, that Deborah and Mark Quam represented to Police and Sheriff officials that Jessica Quam had "recently" secured a large life insurance policy in which she was named as the designated beneficiary. The Policy was in fact over four years old.

29. Jessica Quam is informed and believes, and thereon alleges, that these statements made by Deborah and Mark Quam to Police and Sheriff officials were made with the intent to imply that Jessica Quam had a motive and was therefore potentially involved in the death of her husband. Jessica Quam is informed and believes, and thereon alleges, that Deborah Quam made these statements for the specific purpose of inducing the Police and Sheriff Departments to view Jessica Quam as a potential suspect in Ryan Quam's death and therefore to interfere with Jessica Quam's ability to secure the benefits of the American General Life Insurance policy.

that Jessica Quam's claim for the proceeds of the policy was fraudulent and that Jessica Quam was implicated in Ryan Quam's death because Jessica Quam's brother was allegedly the source of the heroin that Ryan Quam injected and that Jessica Quam was in collusion with her brother.

31.     The statements made by Deborah Quam to Police and Sheriff officials and to American General, were false and were made with malice and conscious disregard of the rights of Jessica Quam in an attempt to defame Jessica Quam and cast aspersions upon her character, and further to interfere with the financial benefits due to Jessica Quam under the Policy.  Jessica Quam is informed and believes, and thereon alleges, that these defamatory statements were made by Deborah and Mark Quam both orally and in writing at various times since the death of Ryan Quam.

32.     As a proximate result of the actions of Deborah and Mark Quam as alleged herein, Jessica Quam has had her reputation damaged and has suffered financial harm in that American General has failed and refused to pay her the policy benefits to which she is entitled and instead has interpleaded the funds compelling Jessica Quam to retain legal counsel to secure the benefits thereto.

33.     Jessica Quam is entitled to damages as a result of the defamation by Deborah and Mark Quam of no less than $700,000 including loss of use of the Policy, attorney fees and costs to secure the benefits of the Policy, emotional distress damages, and other damages to be proven at the time of trial.

34.     In addition, the actions of Deborah and Mark Quam as alleged herein, were done with malice and in conscious disregard of the rights of Jessica Quam thereby entitling Jessica Quam to punitive damages to be proven at the time of trial.

## FIFTH CAUSE OF ACTION

### (Negligence Per Se)

35.     Cross-Claimant re-alleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 34 of this Cross-Claim as though fully set forth herein.

36.     In reporting information to the Police and Sheriff's Department, Deborah Quam had a duty to provide truthful and accurate information.  Deborah Quam either knew, or should have known that her statements to the Police and Sheriff's Department that Jessica Quam had only recently secured a large life insurance policy were untrue, and that the life insurance policy in question had been secured by Ryan and Jessica during the course of their marriage in 2002, a good four years before Ryan's death.

37.     Providing false, incomplete, or misleading information to Police and Sheriff's authorities is a violation of Penal Code §§532, 550 (b)(1)(2), and constitute negligence per se.

38.     As a proximate result of the actions of Deborah Quam as alleged herein, Jessica Quam has been damaged in that American General has failed and refused to pay her the policy benefits to which she is entitled and instead has interpleaded the funds compelling Jessica Quam to retain legal counsel to secure the benefits thereto.

39.     Jessica Quam is entitled to damages as a result of the negligence of Deborah Quam of no less than $170,000 including loss of use of the Policy, attorney fees and costs to secure the benefits of the Policy, emotional distress damages, and other damages to be proven at the time of trial.

WHEREFORE, Jessica Quam prays for damages as alleged herein.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

40.     Cross-Claimant re-alleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 39 of this Cross-Claim as though fully set forth herein.

41.     Deborah and Mark Quam consciously disregarded the rights of Jessica Quam with the intent to cause emotional harm by the following actions:

(a)     Reporting untruthful information to the Police and Sheriff's Department and to American General in an attempt to implicate Jessica in the death of her husband.

(b)     Improperly filing a verified Petition in Nevada to secure Deborah Quam's position as the Special Administrator of Ryan Quam's Estate and thereafter making a demand upon American General for the benefits of the life insurance policy while at the same time notifying creditors of Ryan Quam that Deborah Quam had no involvement in his estate administration and that all bills should be sent to Jessica Quam.

(c)     Improperly making a demand upon American General for the benefits of the life insurance policy in which Jessica Quam was the only named beneficiary based upon Deborah Quam's appointment as Special Administrator which she knew had been secured with incomplete, improper, and misleading information, and by making false and defamatory statements to American General.

42.     The actions of Deborah and Mark Quam as alleged herein, which were done at a time when Jessica Quam was most vulnerable in dealing with the death of her husband, are particularly insidious. These actions were intended to cause, and did cause, severe emotional distress to Jessica Quam.

First Amended  Cross-Claim (FRCP 13(g)) and
Demand for Jury Trial on Cross-Claim                                                                10

43.     As a proximate result of the actions of Deborah and Mark Quam as alleged herein, Jessica Quam as been damaged in that American General has failed and refused to pay her the policy benefits to which she is entitled and instead has interpleaded the funds compelling Jessica Quam to retain legal counsel to secure the benefits thereto.

44.     Jessica Quam is entitled to damages as a result of the intentional infliction of emotional distress by Deborah and Mark Quam including loss of use of the Policy, attorney fees and costs to secure the benefits of the Policy, emotional distress damages, and other damages to be proven at the time of trial.

45.     In addition, the actions of Deborah and Mark Quam as alleged herein, were done with the malice and in conscious disregard of the rights of Jessica Quam thereby entitling Jessica Quam to punitive damages to be proven at the time of trial.

WHEREFORE, Jessica Quam prays for damages as alleged herein.

## SEVENTH CAUSE OF ACTION

### (Indemnity)

46.     Cross-Claimant re-alleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 45 of this Cross-Claim as though fully set forth herein.

47.     As a result of the acts and omissions of Deborah and Mark Quam in making an improper demand upon American General for the proceeds of Ryan Quam's life insurance benefits, American General has interplead the limits of the policy claiming that there are conflicting claims. In their Complaint in Interpleader, American General contends they are entitled to their costs of suit, including reasonable attorney fees, in filing the interpleader action.

First Amended  Cross-Claim (FRCP 13(g)) and
Demand for Jury Trial on Cross-Claim

11

48.     Jessica Quam is informed and believes and thereon alleges that American General is not entitled to any attorney fees as the Interpleader was not filed in good faith because there were not bona fide conflicting claims to the insurance policy.  However, if American General is successful in securing attorney fees during the course of this proceeding, it would only be based on the improper and unsupportable claims of Deborah and Mark Quam against the proceeds of the insurance policy.

49.     Jessica Quam is therefore entitled to complete and total indemnification from Deborah Quam on any and all damages, including attorney fees and costs, assessed in favor of American General on their interpleader action.

WHEREFORE, Jessica Quam prays for damages as alleged herein.

## EIGHTH CAUSE OF ACTION

### (Declaratory Relief)

50.     Cross-Claimant re-alleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 49 of this Cross-Claim as though fully set forth herein.

51.     Jessica Quam is the only designated primary beneficiary under Ryan Quam's life insurance policy with American General.  These facts are conceded in American General's Complaint in Interpleader.

52.     Deborah Quam, even as the Special Administrator, of the Estate of Ryan Quam, is a complete and total stranger to the American General life insurance policy.  Neither Deborah Quam, Mark Quam, nor the Estate of Ryan Quam are named as either primary or alternative beneficiaries under the policy.  Therefore, there is not legal theory upon which Deborah Quam,

either individually or as the Special Administrator, or Mark Quam, would be entitled to the proceeds of the Policy.

53.     An actual controversy has arisen between the parties with regard to entitlement to the proceeds of the policy. Jessica Quam is entitled to a declaration of this Court that as the sole and only designated primary beneficiary under the American General Life Insurance Policy, that she is entitled to the benefits of that Policy and that neither Deborah Quam, Mark Quam, nor the Estate of Ryan Quam are entitled to any portion of the Policy.

WHEREFORE, Jessica Quam prays for judgment as follows:

1.     For general and special damages according to proof;

2.     For emotional distress damages according to proof;

3.     For punitive damages according to proof;

4.     For complete indemnity against Deborah and Mark Quam;

5.     For attorney fees incurred in defending and pursuing the interpleader action filed by American General;

6.     For Declaration of this Court confirming that she is entitled to the benefits of the Policy;

7.     For costs of suit herein;

8.     For such other and further relief as the Court deems proper.

DATED: May ___, 2007                              Respectfully submitted,

                                                  BADDELEY, OLIKER & SARTORI

                                                  By: _____
                                                      ROBERT P. OLIKER, ESQ.
                                                      Attorney for Jessica Quam

First Amended  Cross-Claim (FRCP 13(g)) and
Demand for Jury Trial on Cross-Claim                                                    13

1

## DEMAND FOR JURY TRIAL

2

3     Cross-Claimant JESSICA AMBER QUAM hereby demands a jury trial in this action as

4   to all matters set forth in this Cross-Claim.

5

6   DATED: May ___, 2007                              Respectfully submitted,

7                                                      BADDELEY, OLIKER & SARTORI

8                                                      By: _____
9                                                            ROBERT P. OLIKER, ESQ.
                                                           Attorney for Jessica Quam
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANTHEM MAIL SERVICES

NOV 17 2006

# Memo

**To:** Anthem Blue Cross

**From:** Deborah Quam
P.O. Box 1095
Virginia City, NV 89440

**Date:** November 12, 2006

**Re:** Death of Ryan Quam, Account Number 622A71927

I am the mother of Ryan Quam and am notifying you of his death. His legal wife, Jessica Quam, is handling Ryan's estate. All further bills and correspondence should be addressed to Jessica Quam at the following:

Jessica Smithson Quam

1034 Michigan Dr.

Santa Rosa, CA. 95405

(707) 579-5771



RECEIVED
NOV 2 1 2006
Individual Membership

I am a citizen of the United States, employed in the County of Sonoma. I am over the age of 18 years and not a party to the within action; my business address is: 17 Keller Street, Petaluma, California 94952.

On the date as executed below I served the attached

STIPULATION TO FILE FIRST AMENDED CROSS-CLAIM (FRCP 13(g)) AND DEMAND FOR JURY TRIAL ON CROSS-CLAIM; [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH

on the interested party(ies) listed in Attachment A.

X    **BY REGULAR U.S. MAIL**: By placing a true copy thereof enclosed in a sealed envelope for collection and mailing on the date and place shown below, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

    **BY FACSIMILE TRANSMISSION**: By causing a true and complete copy of the document(s) described above to be transmitted by facsimile transmission to the facsimile number(s) set forth opposite the name(s) of the person(s) set forth above. A report was provided by the transmitting facsimile machine indicating that the facsimile operation was successful.

    **BY PERSONAL SERVICE**: By personally delivering a copy of the document(s) described above to the person(s) set forth above at the address(es) opposite their names.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 14, 2007 at Petaluma, California.

ATTACHMENT A

Dennis J. Rhodes, Esq.
Adrienne C. Publicover, Esq.
Pamela P. Pham, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105

Attorney for Plaintiff/Counter Defendant
AMERICAN GENERAL LIFE INSURANCE
COMPANY

Via Facsimile (415) 434-1370

James Andre Boles, Esq.
423 Mill Street
Reno, NV 89502

Attorney for Defendant/Counter-Defendant
DEBORAH A. QUAM and MARK QUAM

Via Facsimile (775) 329-1566